UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEVERLY McGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:09-cv-315-WTL-JMS |
| | ) |
| CARRIER CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ENTRY ON PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER**

The parties are before the Court on Plaintiff's Motion to Review the Magistrate Judge's Order (Docket No. 36). The motion is fully briefed, and the Court being duly advised, **DENIES** the Plaintiff's motion for the reasons set forth below.

**I. RULE 72(a) STANDARD**

"The district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Rule 72(a) permits a party to "serve and file objections to the [magistrate judge's] order within 10 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* This clear error standard "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943. This is an extremely deferential standard and the district court may not reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion. *See Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).

## II.  BACKGROUND

On October 9, 2009, after Plaintiff repeatedly missed litigation deadlines, the Defendant filed a motion to compel.  The Defendant's motion sought an order requiring the Plaintiff to: (1) serve certain discovery responses; (2) serve her Rule 26(a)(1) disclosures; (3) file her preliminary witness and exhibit lists with the court; and (4) provide Defendant with a settlement demand.  The Defendant also expressly requested attorneys' fees.  The Plaintiff responded on October 27.  Three days later, on October 30, 2009, the Magistrate Judge granted the motion to compel and awarded the Defendant attorneys' fees.  The Plaintiff now seeks review of the Magistrate Judge's order under Rule 72(a).

## III.  DISCUSSION

The gist of the Plaintiff's argument is that the Magistrate Judge's October 30, Order (the "Order") is inconsistent with the Magistrate's order in another case.  The Plaintiff asserts that this indicates that the Magistrate "is not handling discovery disputes in a consistent manner [and] [a]s such, the award of attorney fees should be vacated."  Pl. Mot. ¶¶ 15-16.  This argument is unavailing.  Magistrate judges have a great deal of discretion in supervising discovery.  *See Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 432 (7th Cir. 2000) (noting that district courts have a great deal of authority and discretion over discovery).  As Plaintiff surely realizes, no two cases are alike.  Accordingly, a judge's resolution of a discovery dispute in one case may be significantly different from the same judge's resolution of a dispute in another case.

However, the Plaintiff's larger problem is that she failed to show that the Magistrate Judge's Order was clearly erroneous or contrary to law as required by Rule 72(a).  The Plaintiff's only allegation of error is that the Magistrate Judge's reliance on *Salgado v. General*

*Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998), is misplaced. In *Salgado*, the Seventh Circuit held that the district court did not abuse its discretion when "it decided to impose the sanction of precluding the witnesses from testifying" because the plaintiff failed to timely disclose expert witness reports. *Id. Salgado* remains good law, and the Court cannot say that the Magistrate Judge's reliance on it was clearly erroneous. Because the Plaintiff failed to show that the Magistrate Judge's Order was clearly erroneous and contrary to law, the Plaintiff's Motion to Review (Docket No. 36) is **DENIED**.

SO ORDERED: 01/13/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Cintra D. Bentley
Seyfarth Shaw LLP
cbentley@seyfarth.com

Christopher J. DeGroff
Seyfarth Shaw LLP
cdegroff@seyfarth.com

Ronald E. Weldy
Weldy & Associates
weldy@weldylaw.com